IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-071 |
| | ) | |
| NATHAN DEAL, Commissioner; | ) | |
| MR. PHILBIN, Warden; | ) | |
| MRS. HARVEY, Deputy Warden; | ) | |
| MR. PASCAL, Deputy Warden; and | ) | |
| ROBBIE MILLER, Inmate, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On March 9, 2021, Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed a complaint in the Middle District of Georgia. Gaither v. Deal, 4:21-cv-0034 (M.D. Ga. Mar. 9, 2021). On April 28, 2021, United States District Judge Clay D. Land transferred the case to the Southern District of Georgia because the events described in the complaint allegedly occurred at ASMP, a prison located in this District. (Doc. no. 10.) The Court **DIRECTS** the **CLERK** to update the docket with the names and titles of Defendants in accordance with the caption of this Order, which is consistent with Plaintiff's filings. (See doc. nos. 1, 5, 7, 8.)

I.  **Plaintiff Must Submit His Claims on the Standard Form Used by Incarcerated Litigants in the Southern District of Georgia**

While the case was proceeding in the Middle District of Georgia, Plaintiff submitted an original complaint, two recast complaints, and a notice concerning one amended

complaint. (See doc. nos. 1, 5, 7, 8.) All told, Plaintiff has submitted at least fifty-two pages of information, but because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, he has not provided the information that the Southern District requires. Moreover, Plaintiff's filings to date do not comply with the pleading requirements of the Federal Rules of Civil Procedure, as the allegations cover a multitude of issues, including alleged problems with access to legal mail and supplies, housing assignments, and a fellow inmate. Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. Moreover, under Federal Rule of Civil Procedure 20(a), Plaintiff claims (1) must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).).

Therefore, if Plaintiff wishes to proceed with this case, he **MUST**, within fourteen days of the date of this Order, file a complete amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number and Plaintiff's name but otherwise blank so that Plaintiff can list the Defendants he intends to sue, to Plaintiff's service copy of this

Order.  The Statement of Claim must not exceed six handwritten pages attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  For example, Plaintiff should not simply state, "See attached documents."  Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the

exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

II.     **Plaintiff Is Not Entitled to Appointed Counsel**

Plaintiff is proceeding *pro se* and moves for the appointment of counsel, arguing he has limited access to the law library, he lacks the skills to conduct a jury trial, and there are difficult legal issues presented that would be better addressed by an attorney.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one.  Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).  Rather, the appointment of counsel is a privilege justified only by exceptional circumstances.  Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel.  Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).  Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is

justified.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  Indeed, Plaintiff has been able to communicate with the Court, as evidenced by his multiple, factually-detailed filings.  Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel.  (Doc. no. 3.)

### III.    Conclusion

If Plaintiff wishes to proceed with this case, within fourteen days of the undersigned date, he must file an amended complaint in accordance with the terms of this Order.  If no timely response is received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.  The Court denies the motion for appointment of counsel.

Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 5th day of May, 2021, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA